555 A.2d 920

**COMMONWEALTH of Pennsylvania**

v.

**Stephen M. LYONS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 29, 1988.

Filed March 13, 1989.

440

Dean N. Livermore, Jersey Shore, for appellant.

Brett O. Feese, District Attorney, Williamsport, for Com., appellee.

Before OLSZEWSKI, KELLY and HESTER, JJ.

KELLY, Judge:

Appellant, Stephen M. Lyons, appeals from the judgment of sentence imposed following his conviction of resisting arrest.[1] We affirm.

1. 18 Pa.C.S.A. § 5104.

Appellant has raised four contentions of error for our consideration. Primarily, we are concerned with appellant's first contention, *i.e.* whether a county parole/probation officer may lawfully request the assistance of local law enforcement personnel to effectuate a warrantless arrest of a parole violator, and if so, whether local law enforcement personnel may make such an arrest without a court order and without the physical presence of the parole/probation officer but, at the request of a parole/probation officer who had left the scene shortly before the parole violator reappeared. We find the following. First a county parole/probation officer is authorized to effectuate a warrantless arrest of a parole violator. Second, local law enforcement personnel have statutory authority to aid a county parole/probation officer who requests their assistance in effectuating a warrantless arrest of a parole violator. Third, this arrest of a parole violator was legal even though it was effectuated by local law enforcement personnel, acting upon a request of assistance by a county parole/probation officer who was not physically present at the time of the arrest.

## FACTS AND PROCEDURAL HISTORY

On March 11, 1987, appellant was paroled to the Adult Probation Office for Lycoming County. Special conditions had been placed upon his parole which required that appellant be intensively supervised. Appellant's case was assigned to Officer Scott L. Metzger, an adult probation officer. On April 22, 1987, Officer Metzger consulted with his supervisor concerning appellant's violations of his parole, *i.e.*, repeated failures to report as scheduled and/or as requested and failure to notify and obtain permission to move from his authorized residence with his grandmother to his mother's residence at Powy's Park.[2] Officer Metzger's supervisor thereupon directed Officer Metzger to apprehend appellant for violating the conditions of his parole.

2. From the record, it appears that appellant's mother lived on the second floor above a bar in a building called Powy's Park.

After two unsuccessful attempts to apprehend appellant at Powy's Park were made by Officer Metzger and two fellow county parole/probation officers, appellant was arrested on April 27, 1987, by four local deputy sheriffs. Appellant's resistance to the arrest by the local deputy sheriffs resulted in the filing of the resisting arrest charge which is the subject of this appeal. We are not concerned here with the eventual disposition of the parole violation charge which gave rise to appellant's arrest.

Following arraignment, appellant filed an omnibus pre-trial motion which challenged the legality of his arrest. The motion was denied. On October 14, 1987, a jury found appellant guilty of resisting arrest. Post-verdict motions were filed and denied. Appellant was sentenced to a term of imprisonment of one to two years in a state correctional institution to run concurrent with the remainder of the sentence he was serving prior to being paroled. This timely appeal followed.

On appeal, appellant contends that: (1) his arrest by the deputy sheriffs who were acting on the oral request of a county parole/probation officer, without a warrant, was not a lawful arrest for purposes of the crime of resisting arrest; (2) the evidence was insufficient to establish the degree of resistance required for the offense; (3) an improper reference to his prior criminal conduct compels a grant of a new trial; and (4) trial counsel was ineffective for failing to object timely to testimony of appellant's unrelated prior criminal behavior. We find each of appellant's contentions to be without merit. Accordingly, we affirm the judgment of sentence.

## I. THE LEGALITY OF THE ARREST

Appellant contends that his arrest without a warrant by the deputy sheriffs was illegal. He argues first that a county parole/probation officer cannot order or authorize another law enforcement officer (other than a parole/probation officer) to arrest a parolee on a technical parole viola-

tion without a warrant or court order.[3] Secondly, he claims that deputy sheriffs cannot make a valid arrest of a parole violator without a court order. Appellant concludes that because his arrest was illegal, his conviction of resisting arrest cannot stand and he must be discharged. We do not agree.

Before addressing appellant's contention, we will first make a closer examination of the facts particularly relevant to this issue. Appellant had been placed on parole with special conditions which required intensive supervision. However, appellant repeatedly failed to meet the conditions of his parole. He failed to report, as scheduled and/or as requested, at least five times. He also failed to notify and receive permission from Officer Metzger to change his address as required by the terms of his parole before he moved from his grandmother's home to his mother's home which was located above a bar. As a result of appellant's failure to comply with the conditions of his parole, Officer Metzger consulted with his supervisor, who then concluded that appellant's conduct constituted material violations of his special intensive supervision parole status, and directed Officer Metzger to arrest appellant as a parole violator.

Officer Metzger went to Powy's Park twice with two other county parole/probation officers to effectuate a legal warrantless arrest. The first time appellant escaped by leaving through one of the many exits from his mother's home, wading across Lycoming Creek, and running up the mountain on the other side. The second time appellant was not there. As a result of these fruitless visits, Officer Metzger became well aware of the layout of Powy's Park, its several exits, and its close proximity to Lycoming Creek. Realizing that appellant could easily escape from the three parole/probation officers, Officer Metzger requested assistance from the local Sheriff's office.

The first attempt to apprehend appellant at Powy's Park with the assistance of the local deputy sheriffs, as well as

**3.** Both appellant and the Commonwealth agree that the deputy sheriffs and the parole/probation officers are law enforcement officers.

members of the Pennsylvania State Police, was unsuccessful because appellant was not there. Later that day, however, Mrs. Lyons called the Sheriff's office to inform them of her son's return, and to ask them to return. Because they were uncertain how to proceed, the deputy sheriffs made police radio contact with the county parole/probation officers who had initially asked them for their assistance. The parole/probation officers asked the deputy sheriffs to go ahead and attempt to apprehend appellant because the deputy sheriffs had already received extra back-up from other local police, because the parole/probation officers were minutes away and would arrive shortly thereafter, and because the parole/probation officers were concerned that appellant might escape before they could return to the site. The deputy sherrifs then arrested appellant.

■ Appellant argues that a county parole/probation officer cannot order or authorize another law enforcement officer (other than a parole/probation officer) to arrest a parolee on a technical parole violation without a warrant or court order. We cannot agree.

■ A county parole/probation officer is *not* required to obtain a warrant or a court order in order to arrest a parolee who is in violation of parole; 61 Pa.S.A. § 309.1 provides:

> Probation officers heretofore or hereafter appointed by any court of record of this Commonwealth are hereby declared to be peace officers, and *shall have police powers and authority throughout* the Commonwealth to *arrest with* or *without warrant*, writ, rule or process, any person on probation or parole under the supervision of said court for *failing to report as required by the terms of his probation or parole or for any other violation of his probation or parole.*

61 Pa.S.A. § 309.1 (emphasis added).

Appellant attempts to distinguish between the arrest of a parolee on a technical parole violation and the arrest of a parolee on a criminal parole violation, implying that a war-

rantless arrest may only be made to effectuate the latter. The plain wording of the statute contains no such restriction or distinction, and we have neither the authority nor the inclination to engraft such a restriction or distinction upon it. *See Commonwealth v. Revtai*, 516 Pa. 53, 532 A.2d 1 (1987). Indeed, the sole example given by the act plainly involves a technical violation rather than a criminal violation, *i.e.* failure to report.

■ Appellant further argues that a warrant or court order is required in order for a county parole/probation officer to order or authorize another law enforcement officer to arrest a parole violator. Again, we cannot agree.

Deputy sheriffs in Pennsylvania are statutorily authorized to come to the assistance of county parole/probation officers. The powers and duties of deputy sheriffs are defined in 16 Pa.S.A. § 1216:

*Peace Officers; power and duties.*

Constables, county detectives, sheriffs, *deputy sheriffs*, waterways patrolmen and game protectors shall perform all those duties authorized or imposed on them by statute.

16 Pa.S.A. § 1216 (emphasis added).

One of the duties "authorized or imposed" on deputy sheriffs by statute is to maintain the peace and dignity of this Commonwealth. Section 8952 provides in pertinent part:

*Primary municipal police jurisdiction.*

Any duly employed municipal police officer shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office anywhere within his primary jurisdiction as to:

\* \* \* \* \* \*

(2) Any other event that occurs within his primary jurisdiction and which reasonably requires action on the part of the police in order to preserve, protect or defend

persons or property or *to otherwise maintain the peace and dignity of this Commonwealth.*

42 Pa.C.S.A. § 8952 (emphasis added).

This broad grant of statutory authority plainly includes the authority to aid a parole/probation officer in effectuating a warrantless arrest of a parole violator. Any doubt as to the deputy sheriffs' authority in this respect is removed by the provisions of 42 Pa.C.S.A. § 8953 which provides in pertinent part:

*Statewide municipal police jurisdiction*

(a) **General Rule.**—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, *shall have the power and authority to enforce the laws of this Commonwealth* or otherwise perform the functions of that office *as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:*

* * * * * *

(3) *Where the officer has been requested to aid or assist any local, State or Federal law enforcement officer* or park police officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance.

42 Pa.C.S.A. § 8953(a)(3) (emphasis added). Deputy sheriffs have *express* authority to come to the aid of county parole/probation officers *outside* of their own jurisdiction. Obviously, the broad grant in Section 8952 includes such authority *within* their own jurisdiction.

■ In the instant case, the county parole/probation officers who had requested assistance were not physically present when appellant was arrested. Rather, the deputy sheriffs were asked to attempt to effectuate appellant's arrest before the parole/probation officers arrived because appellant had successfully evaded arrest previously. We do

not consider the parole and probation officer's physical absence to be a material consideration. Under the circumstances, we have no doubt that the "assistance" rendered did not exceed that authorized and intended by the legislature. We find that the county parole/probation officers not only acted properly but commendably in handling this situation. Hence, appellant's contention fails.[4]

## II. SUFFICIENCY OF THE EVIDENCE

■ Appellant contends that the evidence was not sufficient to establish the degree of resistance required to support a verdict of guilty to the offense of resisting arrest. Appellant argues that he did not resist arrest, but merely attempted to flee from the officers who were about to arrest him. Appellant asserts that he committed no physical act which could have exposed the officers to a substantial risk of danger or bodily injury which is required under 18 Pa.C.S.A. § 5104. For the reasons that follow, we find appellant's contention to be without merit.

**4.** Appellant argues that his assertions are supported by the following excerpt from our opinion in *Commonwealth v. Pincavitch*, 206 Pa.Super. 539, 214 A.2d 280 (1965):

... [I]t is only parole officers who are specifically given the right to arrest parolees without a warrant for visible violations of parole. ... We find no authority for general police officers to do so.

*Commonwealth v. Pincavitch, supra*, 206 Pa.Superior Ct. at 543, 214 A.2d at 282. Appellant's reliance is misplaced.

In *Commonwealth v. Pincavitch, supra*, the defendant, a parolee, was arrested by a police officer without a warrant for the summary offense of underage drinking solely because the arresting officer smelled alcohol on the defendant's breath. This Court, invalidating the arrest, merely noted in passing that the fact that the defendant was a parolee was not relevant as he had not been declared a parole violator and was not being arrested for a parole violation.

The instant case may be easily distinguished. The deputy sheriffs were assisting the county parole/probation officers in effectuating the arrest of appellant, a properly declared parole violator, who had successfully evaded previous attempts to arrest him. Here, unlike the case in *Pincavitch*, the fact that appellant was a parolee and was in violation of the conditions of parole is not merely relevant, the violation of parole was the sole reason of the arrest. Hence, appellant's reliance on *Commonwealth v. Pincavitch, supra*, is misplaced and his argument fails.

The standard by which we review a challenge to the sufficiency of the evidence is well established.

> In reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the Commonwealth, and the Commonwealth is entitled to all favorable inferences which may be drawn from the evidence. Where the evidence is conflicting, it is the province of the fact finder to determine credibility; it is the prerogative of the fact finder to believe all, part, or none of the evidence presented.

*Commonwealth v. Pearsall*, 368 Pa.Super. 327, 329–330, 534 A.2d 106, 108 (1987) (citations omitted).

The degree of resistance necessary to support a charge of resisting arrest is set forth in 18 Pa.C.S.A. § 5104 which provides in pertinent part:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest ..., the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Appellant asserts that the act of fleeing from an arrest is not a criminal act. During the first attempt by Officer Metzger and the two other county parole/probation officers, appellant did simply flee from arrest. However, when appellant was finally arrested by the local deputy sheriffs, appellant did more than simply flee from arrest.

When the local deputy sheriffs arrived to arrest appellant, he ran into the middle of Lycoming Creek and attempted to swim downstream with the current. The water level of the creek was waist deep and, because it was early spring, the water temperature was frigid. The creek had a slippery streambed and a swift current. Two of the deputy sheriffs went into the creek after appellant. One officer, after three unsuccessful attempts, managed to get a grip of

appellant *who was kicking and struggling to get away.*
When the other officer then managed to grab appellant's
arm, appellant went limp, pulled his feet underneath him,
refused to walk, and became rigid. As a result, the two
officers literally had to carry him to the bank, losing their
balance a few times along the way. The two officers asked
appellant to walk, but he refused. When they were within
four to five feet of the bank, the two officers who were
waiting on the shore, jumped in and together the four
officers carried appellant up to the bank where appellant
was then handcuffed.

Appellant argues that there was no evidence presented
that he, at any time, assaulted or attempted to assault the
officers or that he had a weapon. Appellant claims that he
was simply fleeing from arrest and that no evidence was
introduced which demonstrated that he created a substan-
tial risk of bodily injury to the deputy sheriffs. His argua-
ble claim is inapposite.

 The statute does not require serious bodily injury.
Nor does it require actual injury to the arresting officer.
Rather, sufficient resistance is established if the arrestee's
actions created a substantial risk of bodily injury to the
arresting officer. *See Commonwealth v. Butler*, 354 Pa.
Super. 533, 512 A.2d 667 (1986). Appellant's struggle with
the two deputies in the middle of a frigid stream with a
rocky uneven bed was sufficient to meet that requirement.

Moreover, the statute includes the disjunctive phrase "or
employs means justifying or requiring substantial force to
overcome resistance." Appellant's actions unquestionably
fall within the ambit of this portion of the statute. It took
four deputy sheriffs to finally subdue appellant. Substan-
tial force was thus required to overcome appellant's resist-
ance to the arrest. *Commonwealth v. Butler, supra;
Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d
31 (1985); *Commonwealth v. Lumpkins*, 324 Pa.Super. 8,
471 A.2d 96 (1984).

In light of the foregoing, we find the evidence sufficient to support the conviction of resisting arrest. Hence, appellant's second contention is found to be without merit.

### III. REFERENCE TO PRIOR CRIMINAL CONDUCT/INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's third and fourth contentions are predicated upon the same argument and therefore will be treated together. Appellant contends that an improper reference was made of his prior criminal conduct which compels the grant of a new trial. Appellant further contends that trial counsel was ineffective for failing to object to this improper reference in a timely manner and preserve this issue in post-trial motions. We find both of appellant's contentions meritless.

■ Appellant, in his brief, directs us to the following exchange between the prosecutor and Deputy Sheriff Matthews:

Q. Now, at that point in time, back at noontime on April 27, 1987, when they told you they needed assistance in regard to Stephen Lyons, did you know the individual they were referring to?

A. Yes, I did.

Q. And how long had you known Mr. Lyons?

A. I would say between two or three years prior to that time.

Q. During the course of that two to three years, can you tell me is [sic] you can recall approximately how many face-to-face in person contacts you had had with Mr. Lyons?

A. I would say between thirty and fifty.

(N.T. 10/14/87 at 33). No objection was made to this exchange at trial. Appellant, however, claims that this

reference implies prior criminal conduct, was highly prejudicial, and necessitates the grant of a new trial.

The law is well established that the prosecution may not introduce evidence of a defendant's prior criminal conduct as substantive evidence of his or her guilt of the present charge. Such evidence predisposes the jury and strips the defendant of innocence. However, our Supreme Court has stated that "[t]o warrant a characterization as prejudicial the testimony must convey to the jury, either expressly or by reasonable implication, the fact of a prior criminal offense." *Commonwealth v. Carpenter*, 511 Pa. 429, 437, 515 A.2d 531, 535 (1986) (citations omitted) (emphasis omitted). The reference challenged here warrants no such characterization.

The witness was not questioned where those contacts with appellant occurred or under what circumstances. The witness testified merely that he knew appellant, and had between thirty and fifty previous contacts with him. No criminal activity was alluded to by this testimony. Rather, to conclude that appellant had committed prior crimes from this testimony, the jury would have had to indulge in gross speculation. *See Commonwealth v. Starks*, 484 Pa. 399, 409, 399 A.2d 353, 357 (1979) ("the testimony of Detective Porter [that he knew the appellant from 'other contacts'] does not expressly or by reasonable implication convey the impression of prior criminal activity....").

Because an objection could not have been properly sustained, there is no merit to appellant's contention of error, and trial counsel cannot be deemed ineffective for failing to object or preserve this issue. *See Commonwealth v. Carelli*, 377 Pa.Super. 117, 546 A.2d 1185 (1988); *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987).

## CONCLUSION

Based upon the foregoing, the judgment of sentence is affirmed.