656 A.2d 519

**COMMONWEALTH of Pennsylvania**

**v.**

**Gary L. WEST, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1995.

Filed March 28, 1995.

576

Rachel L. Morocco, Asst. Public Defender, Greensburg, for appellant.

Karen A. Gelety, Asst. Dist. Atty., Greensburg, for Com., appellee.

Before McEWEN, POPOVICH and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the judgment of sentence entered by the trial court on August 4, 1994. We affirm.

In the evening of November 19, 1993, Edith Basile and her son were at her home in Jeannette, Pennsylvania. While Ms. Basile was sleeping, appellant entered her home. Ms. Basile encountered appellant in a hallway and told him to leave the premises. She then escorted appellant to the front door at which time she noticed that the door was locked. After retrieving her keys from the dining room, Ms. Basile unlocked the front door and allowed appellant to depart. Ms. Basile again walked through the dining room and noticed that the dining room window had been broken. Approximately ten minutes later, appellant attacked Ms. Basile in her kitchen. At that time, appellant struck Ms. Basile causing injuries to the left side of her face, her neck, her stomach and arms. Ms. Basile's injuries caused her to be hospitalized From November 20th through the 26th. When officers arrived at the scene, they found Ms. Basile covered in blood and also found blood throughout the house. An expert testified at trial that some blood found at the scene matched appellant's blood type.

Ms. Basile described her assailant. The officer recognized the description as matching appellant, who lived next door. At the time of his arrest, appellant had a bandage on his left finger with blood flowing from the wound. At trial, an expert testified that blood obtained from the scene was found to be consistent with appellant's blood type.

A jury convicted appellant of burglary,[1] criminal trespass,[2] aggravated assault,[3] simple assault,[4] and recklessly endangering another person.[5] The trial court sentenced appellant to

1. 18 Pa.C.S.A. § 3502.
2. *Id.* § 3503.
3. *Id.* § 2702.
4. *Id.* § 2701.
5. *Id.* § 2705.

not less than four nor more than eight years imprisonment after which appellant filed the instant timely appeal.

Appellant raises one issue for our review:

DID THE TRIAL COURT ERR IN NOT GRANTING THE APPELLANT'S MOTION FOR A MISTRIAL WHEN THE COMMONWEALTH ATTEMPTED TO INTRODUCE TESTIMONY CONCERNING A FINGERPRINT CARD FROM A PREVIOUS FILE CONCERNING THE DEFENDANT AT THE JEANNETTE POLICE DEPARTMENT, JEANNETTE, PENNSYLVANIA?

Specifically, appellant challenges the following testimony by Patrolman Albert Rivardo, III:

Q. Was any other information provided to Detective Brant at that time?

A. [Patrolman Rivardo]: Yes. Due to the description given by the victim at that time, it was common knowledge that Mr. West, seated right there, had been living at 110 Chestnut, which is one house over from Miss Basile. The description given fit Mr. West, and I obtained a fingerprint card, which was on file at our police department, and that was given to Detective Brant for comparison....

*Id.* at 172. Appellant moved for a mistrial arguing that this testimony created an unfair and prejudicial inference that he had been involved in prior criminal activity.

Initially, we note that the admissibility of evidence is a matter left to the sound discretion of the trial court, and an appellate court may reverse only upon a showing that the trial court abused its discretion. *Commonwealth v. Wallace*, 522 Pa. 297, 309 n. 15, 561 A.2d 719, 725 n. 15 (1989). Evidence is admissible if, and only if, it is relevant: the evidence must logically or reasonably tend to prove or disprove a material fact in issue, to make such a fact more or less probable, or afford a basis or support for a reasonable inference or presumption regarding the existence of a material fact. *Commonwealth v. Ingram*, 404 Pa.Super. 560, 576, 591 A.2d 734, 742 (1991), *appeal denied*, 530 Pa. 631, 606 A.2d 901 (1992).

*Accord Commonwealth v. Stewart,* 461 Pa. 274, 336 A.2d 282 (1975).

█ The law is well established that the prosecution may not introduce evidence of a defendant's prior criminal conduct as substantive evidence of his guilt of the present charge. *Commonwealth v. Lyons,* 382 Pa.Super. 438, 451, 555 A.2d 920, 924 (1989). In determining whether this fundamental precept has been transgressed, the operative question is whether the jury "could *reasonably* infer from the facts presented that the accused had engaged in prior criminal activity." *Commonwealth v. Groce,* 452 Pa. 15, 19–20, 303 A.2d 917, 919 (1973), *cert. denied,* 414 U.S. 975, 94 S.Ct. 290, 38 L.Ed.2d 219 (1973) (emphasis added). *Accord Commonwealth v. Claffey,* 264 Pa.Super. 453, 455–56, 400 A.2d 173 (1979). The testimony in this case warrants no such inference.

█ In *Commonwealth v. Brown,* 511 Pa. 155, 512 A.2d 596 (1986), our Supreme Court discussed the inferences raised when police possess a picture of an accused:

Leaving aside the fundamental logic that a previous record does not prove present guilt, the possession by police of one's photo does not ineluctably prove a previous *conviction.* At the most it proves only that police had a photo of the defendant on file.

When an identification is made from police files, the photos become an integral and inseparable part of the evidence. When the initial identification is challenged at trial and their reliability and fairness put to question, they become evidence subject to examination by the jury. At the time it is difficult, if not impossible, consistent with the truth, to shield the fact that a defendant's picture was obviously on file prior to his identification. Even when the file photos are not challenged and the photos are not shown to the jury, but somehow they have been eluded to during the course of the trial, it is a small deduction to conclude that for some reason, the defendant had prior police contact of some kind. However, as we emphasized above, prior contact with the police in itself proves nothing. It does not

prove a prior record or previous crime, it only proves a previous contact.

*Id.* at 161, 512 A.2d at 598–99. We find the Supreme Court's reasoning in *Brown* to be instructive in the instant case.

Here, Patrolman Rivardo testified that to determine the identity of the perpetrator, he obtained "a fingerprint card, which was on file at our police department[.]" He did not disclose the reason why police possessed a record of appellant's fingerprint, nor did he elaborate as to the nature of the police file containing such records. In light of the general nature of Patrolman Rivardo's reference to the fingerprint card, we are not convinced that a jury could reasonably infer prior criminal activity from this testimony.

At most, a jury could reasonably conclude from Patrolman Rivardo's testimony that appellant had prior contact with the police department. However, as the Supreme Court held in *Brown,* a prior contact does not prove a prior record or previous crime. Accordingly, we cannot find that the trial court erred in denying appellant's motion for a mistrial. *See, e.g., Commonwealth v. Carpenter,* 511 Pa. 429, 515 A.2d 531 (1986) (fact that defendant's parole officer testified that he knew defendant previous to crimes for which defendant is now on trial did not expressly or by reasonable implication convey to the jury that he had a previous criminal record); *Commonwealth v. Clark,* 453 Pa. 449, 309 A.2d 589 (1973) (police officer's passing reference to defendant's previous confinement "in prison" did not supply sufficient basis for a reasonable inference of prior criminal activity); *Commonwealth v. Lyons,* 382 Pa.Super. 438, 555 A.2d 920 (1989) (deputy's testimony that he had approximately thirty to fifty contacts with defendant in past two or three years does not imply prior criminal activity).[6]

Judgment of sentence is affirmed.

6. Even if the jury reasonably could have inferred prior criminal activity from Patrolman Rivardo's testimony, we agree with the trial court that such error was harmless in light of the overwhelming evidence against appellant. This evidence includes appellant's own admission that he

had entered Ms. Basile's house without permission so that he could sleep off a hangover. N.T. 6/6–9/94 at 252.