J-S58044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KURT JAMES OSTRANDER | |
| Appellant | No. 516 MDA 2015 |

Appeal from the Judgment of Sentence February 18, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005785-2014

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED SEPTEMBER 30, 2015**

Appellant, Kurt James Ostrander, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his jury trial conviction for resisting arrest or other law enforcement.[1]  We affirm.

The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WHETHER THE EVIDENCE ADMITTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTION FOR THE CHARGE OF RESISTING ARREST?

_____

[1] 18 Pa.C.S.A. § 5104.

_____

*Retired Senior Judge assigned to the Superior Court.

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Paul M. Yatron, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed May 18, 2015, at 2-5) (finding: Appellant was aware of officers' presence; patrol car lights were activated and officers shined flashlights in Appellant's direction; Appellant ignored officers' repeated commands to descend fire escape; officer heard Appellant say, "Let me in, the police are coming"; when officers ascended fire escape, Appellant refused to comply with officers' orders to show his hands; when officers rushed Appellant, he continued to resist by clenching his hands underneath his body and refusing to be handcuffed; Appellant's actions were intended to prevent officers from effecting lawful arrest or discharging other duty; Appellant's failure to comply required officers to ascend narrow fire escape several stories above ground; broken glass was strewn about landing where Appellant struggled with officers; even "mere scuffle" in these circumstances put officers at substantial risk of bodily injury; evidence was sufficient to sustain conviction for resisting arrest). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2015

COMMONWEALTH OF
PENNSYLVANIA

v.

KURT OSTRANDER,
APPELLANT

: IN THE COURT OF COMMON PLEAS OF
: BERKS COUNTY, PENNSYLVANIA
: CRIMINAL DIVISION
:
: No. CP-06-CR-0005785-2014
:
: PAUL M. YATRON, PRESIDENT JUDGE

Colleen Dugan, Esq., Attorney for the Commonwealth
Douglas Waltman, Esq., Attorney for the Appellant on Appeal

**1925(a) Opinion**                                                    **May 18, 2015**

Kurt Ostrander ("Appellant") was convicted of resisting arrest[1] following a jury trial held February 18, 2015. Appellant was sentenced the same day to not less than one (1) nor more than two (2) years' incarceration, with time served credit of eighty-five (85) days.

Appellant filed a *pro se* notice of appeal on March 18, 2015. We appointed Douglas Waltman, Esquire, to represent Appellant on appeal in an order dated March 20, 2015. Attorney Waltman had previously served as standby counsel during Appellant's trial, during which he represented himself. We directed counsel to file a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The concise statement was timely filed on April 8, 2015.

Appellant raises the following matters for appellate review:

1. The evidence was insufficient to support the conviction for the charge of Resisting Arrest where the Commonwealth's evidence established that Appellant could barely stand, couldn't walk without assistance, and engaged in, at most, a "mere scuffle" with police who arrested him on suspicion of public drunkenness and disorderly conduct.

CONCISE STATEMENT, April 8, 2015.

**Factual Summary**

On November 25, 2014, Mira Martinez was living at 437 South 11th Street in the City of Reading. NOTES OF TESTIMONY ("N.T."), Feb. 18, 2015 at 43. At approximately 5:46 a.m., she called the police to report a disturbance on the fire escape of her building. *Id.* Martinez heard

---

[1] 18 Pa.C.S.A. § 5104.

1

Appellant knocking on the window to another apartment and asking to be let in; she then heard glass shatter. *Id.* at 43–44.

Officers Mark Hackney and Brian Adler responded to the call. *Id.* at 51, 67. They were in full uniform and driving a marked patrol car. *Id.* They parked their vehicle next to the fire escape, and its lights were activated. *Id.* at 52, 67, 70. They heard Appellant say, "Let me in, the police are coming." *Id.* Both officers shined their flashlights at Appellant, who was crouched next to a window. *Id.* They yelled several times for him to come down, but Appellant would not comply. *Id.* at 53, 67.

The officers ascended the fire escape; Appellant was on the third floor. *Id.* at 47, 54, 61, 67. The fire escape is very narrow, and only one person can pass at a time. *Id.* at 45, 53, 68. Officer Hackney described it as "not very secure." *Id.* at 53. Officer Hackney reached Appellant first. *Id.* at 54, 68. Because Appellant had not yet complied with any instructions, and because broken glass was visible outside the window, Officer Hackney drew his weapon and demanded that Appellant show his hands. *Id.* Appellant did not comply, so the officers rushed Appellant and apprehended him by force. *Id.* at 55, 68. Appellant continued to resist by clenching his hands underneath himself and refusing to be handcuffed. *Id.* Officer Hackney applied pressure points so that Appellant could be handcuffed. *Id.* at 55–56, 68.

Both officers observed that Appellant was heavily intoxicated, which complicated the process of maneuvering him down the fire escape. *Id.* Though the officers contemplated calling the fire department to bring Appellant down, they eventually led him down the steps. *Id.* at 56. Officer Hackney recalled that due to Appellant's intoxication, "we pretty much had to walk for him." *Id.* Officer Adler waked backwards down the fire escape to prevent Appellant from falling, while Officer Hackney secured Appellant from behind. *Id.* at 69.

The officers' flashlights lit up the room of the neighbor, Martinez. She heard the officers tell Appellant to come down from the fire escape at least four times. *Id.* at 44. She also saw that the colored lights of the police vehicle were activated. *Id.* Martinez overheard the pertinent events, and she corroborated the officers' accounts of what happened:

| | |
|---|---|
| **District Attorney:** | Now once you heard the police say—you said at least four times—to come down, what did you do, hear, and or see next? |
| **Martinez:** | They went upstairs after him, and I could hear them tussling. They were trying to arrest him. He was resisting. |

2

| | |
|---|---|
| | They were, like, don't fight with us because we can fall off the fire escape. I could hear the cops tell him, don't tussle; we will fall over the fire escape. |
| **District Attorney:** | How many times did you hear that? |
| **Martinez:** | Oh, it was a while because it was a tussle back and forth, like, don't resist. I can't really see. It's up above me. I can hear it. |
| **District Attorney:** | Did you hear them continuing to give commands as they went up the fire escape? |
| **Martinez:** | Yes. |
| **District Attorney:** | What were they saying when they went up? |
| **Martinez:** | They were yelling don't resist as they went up and bringing him down. |

*Id.* at 45–46.

## Discussion

Appellant argues that the evidence presented at trial was insufficient to support his conviction for resisting arrest. CONCISE STATEMENT at ¶1. Appellant specifically argues that he "could barely stand, couldn't walk without assistance, and engaged in, at most, a 'mere scuffle' with police." *Id.* We find this claim to be without merit.

The standard of review for a sufficiency of the evidence claim is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a Appellant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001), *appeal denied*, 806 A.2d 858 (Pa. 2002).

The crime of "resisting arrest or other law enforcement" is defined as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Bodily injury is the "impairment of physical condition or substantial pain." *Commonwealth v. Torres*, 766 A.2d 342, 344 (Pa. 2001) (citing 18 Pa.C.S.A. § 2301).

As Appellant suggests, Section 5104 does not contemplate a "mere scuffle." Appellant's argument, however, ignores the pertinent inquiry—whether he created a substantial risk of bodily injury to the officers. In *Commonwealth v. Lyons*, the Superior Court held there was sufficient evidence to support a resisting arrest conviction where the Appellant had struggled with two deputies in the middle of a "frigid stream with a rocky uneven bed." 555 A.2d 920, 925 (Pa. Super. 1989). The Appellant in *Lyons* argued that he "committed no physical act which could have exposed the officers to a substantial risk of danger or bodily injury." *Id.* at 924. The Court rejected this argument via a straightforward reading of Section 5104: "The statute does not require serious bodily injury. Nor does it require actual injury to the arresting officer. Rather, sufficient resistance is established if the arrestee's actions created a substantial risk of bodily injury to the arresting officer." *Id.* at 925.

The instant case can be analyzed similarly. Appellant's actions necessitated the officers' ascension of a narrow fire escape several stories above the ground. Even a "mere scuffle" at such heights put the officers in substantial risk of bodily injury. Additionally, there was broken glass strewn on the ground throughout the ensuing struggle. Once Appellant was finally handcuffed, the officers then had to maneuver him down the fire escape. This scenario is at least as dangerous—if not more so—than a struggle in a cold and slippery waterway, which was the situation in *Lyons*. We therefore conclude that Appellant created a substantial risk of bodily injury to the officers by leading them into an inherently dangerous situation.

We also conclude that Appellant's actions were intended to prevent the officers from effecting a lawful arrest or discharging another duty. Appellant was clearly aware of the officers' presence, notwithstanding his high level of intoxication. The patrol car's lights were activated,

4

they yelled commands at Appellant multiple times, and they shined flashlights in his direction. When they ascended the fire escape, Appellant still did not comply by refusing to show his hands. Most decisively, the officers heard Appellant say, "Let me in, the police are coming."

## Conclusion

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find that there was sufficient evidence for the jury to conclude beyond a reasonable doubt that Appellant committed the crime of resisting arrest. This Court respectfully requests that the instant appeal be DENIED and the judgment of sentence AFFIRMED.

5