J-S23005-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL TYRONE DIXON, JR., | |
| Appellant | No. 355 WDA 2018 |

Appeal from the Judgment of Sentence Entered February 8, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003438-2017

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY BENDER, P.J.E.:                    FILED JUNE 18, 2019

Appellant, Michael Tyrone Dixon, Jr., appeals from the judgment of
sentence of an aggregate term of 18 months' probation, imposed after he was
convicted of one count each of fleeing or attempting to elude an officer (75
Pa.C.S. § 3733(a)), resisting arrest or other law enforcement (18 Pa.C.S. §
5104), criminal mischief (18 Pa.C.S. § 3304(a)(5)), and driving while
operating privilege is suspended or revoked (75 Pa.C.S. § 1543(a)). Appellant
challenges the sufficiency of the evidence to sustain his convictions. We
affirm.

The trial court adopted the following factual summary set forth in a
redacted copy of the police criminal complaint and stipulated to by the parties:

_____

* Retired Senior Judge assigned to the Superior Court.

On Tuesday, January 3, 2017[,] Bellevue Police were dispatched to Kuhn's market, 661 Lincoln Avenue[,] for a domestic report.... As I pulled into the lot[,] I saw both cars in the parking lot near the front of the store. The red Jeep pulled away from the Nissan[,] than [sic] drove up the lot towards the entrance I was coming in. I circled around, activated my emergency lights and fell in behind the Jeep as it pulled east bound onto Lincoln Avenue. The Jeep did not stop and continued on at a speed of 20 to 25 miles per hour. I activated my siren and called out that the vehicle was not stopping and followed it with my lights an[d] siren activated as we passed through the intersections of Jackson Avenue, Sprague Avenue, Hawley Avenue, Meade Avenue, Balph Avenue and Sheridan Avenue. I then passed the Jeep on the left side and once in front of it slowed my car. The Jeep attempted to pass [on] the left[,] and I continued to move to the left as Officer Scheller pulled up [on] the left side of the Jeep[,] preventing it from passing.

I exited my vehicle[,] drew my side arm and ordered the driver, later identified as [Appellant], at gun point to show me his hands. [Appellant] said[,] "really, now you're going to shoot me[?"] I again ordered [Appellant] [to] show me his hands and he put his hands up. I ordered him to open his door and he did not and the[n] reached to the door handle but did not open the door. I opened the door as I holstered my sidearm and ordered [Appellant] out of the vehicle. He again did not comply[,] and I pulled him out of the vehicle and[,] at that point[,] saw that [Appellant] had never taken the car out of drive and still had his foot on the break. As I removed [Appellant,] the car drifted into the rear of my patrol vehicle.

Officer Dold and I attempted to take [Appellant] into custody[,] and he physically resisted our efforts to put his hands behind his back. We then took him to the ground and I repeatedly ordered him to stop resisting. Officer Dold, Officer Rosetti and I then had to physically force his hands behind his back because he would not comply with our orders to put his hands behind his back. Once we were able to secure [Appellant's] hands[,] he was placed in the rear of 7117.

Police Criminal Complaint, Trial Exhibit 1 (undated).

After being charged with the crimes stated supra, Appellant proceeded

to a non-jury trial on December 7, 2017. On December 12, 2017, Appellant

failed to appear for the verdict, and a warrant was issued for his arrest. On that same date, the trial court found Appellant guilty of all counts, and it delayed sentencing until the apprehension of Appellant. On February 8, 2018, Appellant was sentenced to an aggregate term of 18 months' probation.

On March 12, 2018, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents the following issues for our review:

I. Whether the evidence was insufficient to support [Appellant's] conviction for fleeing or eluding when the record was devoid of any direct or circumstantial evidence that [Appellant] knew he was being pursued by the police and willfully failed to bring his vehicle to a stop?

II. Whether the evidence was insufficient to support [Appellant's] conviction for resisting arrest when there is no evidence that [Appellant] exposed officers to substantial risk of bodily injury or that officers needed to employ substantial force to effectuate the arrest?

III. Whether the evidence was insufficient to support [Appellant's] conviction for criminal mischief when his vehicle merely accidentally drifted forward into the patrol car because he did not place the Jeep in park, and [Appellant] did not intend to cause damage [to] the patrol car?

Appellant's Brief at 4 (unnecessary capitalization omitted).

To begin, we note our standard of review:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact

- 3 -

finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

Commonwealth v. Koch, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Here, Appellant asserts that the evidence was insufficient to support his conviction of fleeing or attempting to elude an officer. More specifically, Appellant avers that the record is devoid of any evidence that he knew he was being pursued by the police and/or that he willfully failed to bring his vehicle to a stop. Appellant's Brief at 14. He claims that he "did not take any evasive action … that would suggest he intended to flee or elude the police[,]" and that he "merely drove his vehicle for less than sixty seconds before he was stopped by Sergeant Lucas's patrol car." Id. at 16. Appellant further avers that he obeyed the speed limit and that there is no direct evidence in the record that he "consciously and willfully disregarded an order from one of the officers." Id. at 16-17. The record clearly belies Appellant's claims.

"[U]pon a visual and audible signal to stop by a police officer, a driver who fails or refuses to stop, or flees, or attempts to elude a pursuing officer," is guilty of fleeing or attempting to elude an officer. Commonwealth v. Wise, 171 A.3d 784, 790 (Pa. Super. 2017). See also 75 Pa.C.S. § 3733(a). "The signal given by the police officer may be by hand, voice, emergency lights or siren." 75 Pa.C.S. § 3733(b). Moreover, we note that driving in excess of the speed limit is not a required element of this crime, as Appellant suggests. A violation of Section 3733 occurs simply when one "willfully fails or refuses to bring his vehicle to a stop." 75 Pa.C.S. § 3733(a). The statute explicitly

contains an enumerated exception subject to harsher grading where the driver engages in a high-speed chase while fleeing or attempting to elude the police. See 75 Pa.C.S. § 3733(a.2)(a)(iii).

After reviewing the evidence, the trial court determined:

> [W]hile this was not a dramatic high[-]speed chase, it nonetheless clearly established the scienter element of the crime beyond a reasonable doubt. That evidence included the dash cam video from Sergeant Matthew Lucas' vehicle that vividly captured the pursuit of Appellant on Lincoln Avenue, Bellevue's main street and shopping district. The officer, in a marked vehicle with emergency lights activated and directly behind Appellant, was clearly and unambiguously attempting to pull Appellant over; and Appellant willfully failed/refused to bring his vehicle to a stop until faced with an overwhelming police presence. Thus, consistent with the statutory prohibition against such conduct, Appellant made the conscious decision not to stop when clearly confronted with a police presence and request to do so. See … Wise, 171 A.3d [at] 791 … (holding that evidence was sufficient to find [Wise] guilty beyond a reasonable doubt of fleeing or attempting to elude police when she willfully failed to stop her vehicle after [being] given audible and visual signals by the officer to do so).

Trial Court Opinion ("TCO"), 12/4/18, at 7. After careful review, we ascertain that the trial court's findings are well-supported by the record.

Next, Appellant contests the sufficiency of the evidence to uphold his conviction of resisting arrest. While Appellant acknowledges that at least a "minor scuffle" occurred incident to his arrest, he argues that the evidence fails to establish that he exposed the officers to "substantial risk of bodily injury" or that the officers "needed to employ substantial force beyond that inherent in the process of making any arrest." Appellant's Brief at 19, 22-23. Appellant's claim is meritless.

A person is guilty of resisting arrest if, "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104. Neither serious bodily injury nor actual injury to the arresting officer is required. Commonwealth v. Lyons, 555 A.2d 920, 925 (Pa. Super. 1989). "Rather, sufficient resistance is established if the arrestee's actions created a substantial risk of bodily injury to the arresting officer." Id.

Here, in response to Appellant's claim:

The trial court carefully reviewed all of the evidence, which included Sergeant Lucas'[s] dash cam video, as well as that of Officer Dold[,] which captured the contact with Appellant once he finally stopped his vehicle. The trial court determined ... based upon review of the evidence[,] that Appellant's conduct, specifically his resistance upon being forcibly removed from his vehicle, unambiguously established beyond a reasonable doubt that Appellant resisted arrest. Commonwealth v. Thompson, 922 A.2d 926, 928 (Pa. Super. 2007) (holding that [a] defendant's use of even passive resistance requiring substantial force to overcome was sufficient to uphold her conviction for resisting arrest). As such, Appellant's claim is without merit.

TCO at 8-9 (unnecessary capitalization omitted). Moreover, we emphasize that Section 5104 "includes the disjunctive phrase 'or employs means justifying or requiring substantial force to overcome resistance.'" Lyons, 555 A.2d at 925 (quoting 18 Pa.C.S. § 5104). Appellant's actions clearly fall within the ambit of this portion of the statute, where Sergeant Lucas had to physically remove Appellant from the vehicle, which was still in drive, and it took several

officers to subdue and handcuff him. The evidence of record supports that substantial force was required to overcome Appellant's resistance to the arrest. Thus, we conclude that the trial court reasonably found that the elements of resisting arrest were met.

Lastly, Appellant alleges that the evidence was insufficient to sustain his conviction of criminal mischief, because he did not intentionally crash his vehicle into Sergeant Lucas's patrol car. Appellant contends, rather, that his car "accidentally drifted forward" when the officer removed him from the vehicle "before he had any opportunity to place the vehicle in park." Appellant's Brief at 27, 29. Again, Appellant's claim is wholly without merit.

"A person is guilty of criminal mischief if he ... intentionally damages real property of another...." 18 Pa.C.S. § 3304(a)(5). Instantly, the trial court explicitly held that "Appellant's acts, which ultimately caused damage to the police vehicle, were, in fact intentional." TCO at 10. The court, as trier of fact, was free to believe all, part, or none of the evidence presented. Commonwealth v. Bullick, 830 A.2d 998, 1000 (Pa. Super. 2003). For the purposes of 18 Pa.C.S. § 3304(a)(5), an actor is deemed to have intentionally caused the damage where he or she has intentionally committed the act that led to the damage. See Commonwealth v. Adams, 882 A.2d 496, 498 (Pa. Super. 2005) (concluding that evidence was sufficient to find the appellant guilty of criminal mischief where the court found the police officer's testimony credible that the appellant intentionally punched a vehicle owned by another, resulting in damage to the vehicle). After careful review, we conclude that

the evidence supports the trial court's finding that Appellant intentionally failed to shift his Jeep into park when stopped by the officers. Thus, the trial court reasonably found Appellant guilty of criminal mischief for the damage caused to the patrol car as a direct result of Appellant's action.

Based on our review of the facts in the light most favorable to the Commonwealth as the verdict winner, we uphold Appellant's convictions.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/18/2019