616 A.2d 641

**In the Interest of Joseph WOODFORD.**

**Appeal of Joseph WOODFORD.**

Superior Court of Pennsylvania.

Submitted March 23, 1992.

Filed Sept. 14, 1992.

Reargument Denied Nov. 25, 1992.

180

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Comm., participating party.

Before ROWLEY, President Judge, and WIEAND and MONTGOMERY, JJ.

ROWLEY, President Judge:

Joseph Woodford appeals from an order of disposition following his adjudication of delinquency based on his conviction for attempted theft and resisting arrest.[1] The only issue presented for our consideration is whether appellant's conviction for resisting arrest is sufficiently supported by the evidence. After a detailed review of the record and the law, we now reverse.

Appellant's conviction arose out of his April 29, 1991, attempt to break into a car owned by a Philadelphia policeman. An eyewitness to the attempt testified that she had seen appellant and another boy in a car which she knew belonged to her neighbor, Officer Marone. She alerted Officer Marone's wife to her observations and then proceeded to the corner, where she was met by a policewoman. Simultaneously, as he emerged from his shower, Officer Marone happened to look out an upstairs window. He witnessed appellant, whom he recognized as a neighbor boy, leaving his parked car.

---

1. In this appeal, appellant does not challenge the sufficiency of the evidence for his conviction of attempted theft.

Officer Marone hurriedly dressed in layman's clothing, grabbed his gun, and went out to the car. A quick inspection revealed that although the car's glove box had been rifled, nothing was missing. It was at this point that Officer Marone noticed the presence of the eyewitness and the female officer at the scene. He did not converse with the officer. Instead, despite the availability of an on-duty police officer in uniform, Officer Marone determined to arrest appellant himself. To that end, Marone proceeded alone to appellant's home. He found appellant standing with several other people on his own front porch. The female police officer arrived at appellant's home shortly thereafter.

Although he was not on duty nor in uniform, Officer Marone approached appellant and said, "I'm locking you up for breaking into my car. I'm a cop." There is no evidence of record that Officer Marone displayed a badge or any type of identification evidencing himself as a public servant. Appellant ascended the steps to his house in flight and Officer Marone grabbed appellant by the jacket, punched him in the face, and tried to pull him down the steps. At that point, three other people witnessing the incident jumped into the fray in an unsuccessful effort to pull Officer Marone away from appellant. Even the female officer unsuccessfully tried to pull Officer Marone away from appellant.

As Officer Marone tenaciously hung on to appellant, appellant's mother emerged from the house and pulled her son out of Officer Marone's grasp and into their home, slamming the door. At that moment, back-up police units arrived and Officer Marone told them he had just been "jumped." As Marone was relating his version of the details surrounding the incident, appellant came to the front door and laughed. It was at this point, while several on-duty police officers in uniform looked on, that Officer Marone charged up the steps into appellant's home, seizing appellant in a fit of rage. Appellant was then handcuffed by a uniformed police officer and was subsequently transported to the police station without further incident.

On June 3, 1991, appellant was adjudicated delinquent by reason of attempted theft and resisting arrest, and was sen-

tenced to probation after denial of his post-verdict motion. Whereupon, appellant filed this timely appeal.

On appeal, appellant contends that his conviction for resisting arrest must be reversed because the Commonwealth's evidence was insufficient to present a *prima facie* case that appellant resisted arrest within the meaning of 18 Pa.C.S.A. § 5104. In addressing this claim, we apply the following standard of review:

> "In reviewing appellant's challenge to the sufficiency of the evidence we must determine whether, viewing all the evidence admitted at [the adjudication], together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense[s] charged w[ere] supported by the evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt."

*Commonwealth v. Akers,* 392 Pa.Super. 170, 181, 572 A.2d 746, 751 (1990), *allocatur denied,* 526 Pa. 627, 584 A.2d 310 (1990).

 Having applied this standard, we are constrained to conclude that the Commonwealth's evidence was not sufficient to support appellant's conviction for resisting arrest. In order to sustain a conviction for resisting arrest, the Commonwealth must prove that a defendant, intending to prevent a public servant from effecting a lawful arrest, created a substantial risk of bodily injury to the public servant or another, or that the defendant employed a means of resistance which justified or required substantial force to overcome the resistance. 18 Pa.C.S.A. § 5104. In the instant case, we conclude that appellant's conviction cannot stand because the Commonwealth did not present sufficient evidence that appellant created a substantial risk of bodily injury to Officer Marone or anyone else.[2]

In arriving at this conclusion, we carefully reviewed the body of law existing on this issue and found no legal authority

---

**2.** Appellant also argues that because Officer Marone did not display any outward signs of police authority, appellant was unaware that Officer Marone was, in fact, a public servant and therefore, appellant lacked the requisite intent to prevent a public servant from effecting a lawful

for the Commonwealth's position that by attempting to flee, appellant somehow compelled Officer Marone to hit him in the face, thereby subjecting Officer Marone to the substantial risk that appellant's friends and relatives would "jump" him in an effort to protect appellant from further assault. It appears rather obvious that the only person who created a "substantial risk of injury" to himself and/or others in the instant case was Officer Marone.

It is well-settled in this Commonwealth that where the circumstances of a suspect's flight exposes a pursuing officer or anyone else to a substantial risk of injury, a conviction for resisting arrest is proper. Section 5104 does not require evidence of serious bodily injury, nor does it require actual injury. Merely exposing another to the risk of such injury is sufficient to sustain a conviction under Section 5104. *Commonwealth v. Lyons*, 382 Pa.Super. 438, 448, 555 A.2d 920, 925 (1989). However, it is equally well-established that a suspect's mere flight to escape arrest does not violate § 5104, *Commonwealth v. Anderjack*, 271 Pa.Super. 334, 339, 413 A.2d 693, 696 (1979).

In *Lyons,* prior to being arrested for alleged parole violations, in order to evade arrest, the suspect fled twice from county probation officers. The third arrest attempt was successful only after the suspect led four police officers into a violent struggle in the midst of a frigid creek with a slippery bottom and swift current. To effect the arrest, all four officers were needed to overcome the suspect's determination as he kicked and struggled to get away. When he was finally captured, the suspect went completely limp, refusing to walk. Together, the four officers had to carry him up to the river bank, where he was handcuffed.

In that case, appellant argued that the Commonwealth had not presented sufficient evidence to prove beyond a reasonable

arrest. Because we find that the Commonwealth did not prove beyond a reasonable doubt that appellant created a substantial risk of bodily injury to Officer Marone or anyone else, we do not reach the question of whether or not the Commonwealth adequately proved that appellant knowingly intended to interfere with a public servant's duties.

184

doubt that he resisted arrest because it's only evidence was that appellant fled from the officers attempting to effectuate his arrest. This Court disagreed and held that under the rather extreme circumstances of that case, appellant's flight had created a substantial risk that, considering the omnipresent danger presented by a creek's uneven, slippery bottom and rapid current, one or more of the officers needed to capture appellant could have incurred bodily injury as a result of being led into the freezing waters.

■ The facts in the instant case are much different than those in *Lyons*. Officer Marone was not deliberately led into an inherently dangerous situation by appellant, but rather, created a dangerous situation for himself when he chose to vent his personal anger by attacking appellant in the presence of a group of appellant's friends and relatives.

Accordingly, we reverse the order of disposition entered following appellant's adjudication of delinquency based on his conviction for resisting arrest.

Conviction finding appellant guilty of resisting arrest is reversed. In all other respects, the trial court's adjudication and order of disposition is affirmed.

WIEAND, J., concurs in the result.