J-S36008-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :         PENNSYLVANIA
                                      :
           v.                     :
                                      :
                                      :
KEVIN A. ARMSTRONG             :
                                      :
          Appellant           :      No. 398 WDA 2020

Appeal from the Judgment of Sentence Entered February 27, 2020
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000159-2019

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                FILED AUGUST 19, 2020

Appellant, Kevin A. Armstrong, appeals from the judgment of sentence entered on February 27, 2020, following his jury trial conviction for resisting arrest, 18 Pa.C.S.A. § 5104. We affirm.

The trial court set forth the facts of this case as follows:

Patrolman Terry Fuqua was on routine patrol in a fully marked Bradford City Police patrol vehicle on March 15, 2018. He drove past [Appellant] while [Appellant] was walking on a public street. Patrolman Fuqua recognized [Appellant] and he knew that there was an existing warrant for his arrest. [Appellant appeared] to observe the patrol vehicle. Patrolman Fuqua turned his vehicle around and went back towards [Appellant]. [Appellant] began walking faster.

                          *          *          *

Officer Fuqua got out of his patrol vehicle after he turned around. He yelled at [Appellant], telling him to stop and that there was a warrant for his arrest. [Appellant] left the road and ran through

_____

[*] Retired Senior Judge assigned to the Superior Court.

the yards of several private residences. [Appellant] continued to run, continuing to go through yards and crossing streets [along a] hillside. He ran downhill for a substantial distance.

[] Tuna Creek runs through a portion of Bradford. [Appellant ran towards Tuna Creek as] Officer Fuqua continued to pursue him. [Using his radio, Officer Fuqua reported that Appellant] was running from him towards the Tuna Creek. Sergeant Todd Erickson responded to the call and went to a location along [] Tuna Creek[, which is] surrounded by an area of overgrown vegetation. The area adjacent to the creek is steep[, overgrown, and extremely difficult to navigate]. Some of the vegetation[, including] small entangled trees, extend from the bank over the edge of the Tuna Creek. It was spring time and [] Tuna Creek, which is expansive, was flowing rapidly. Since it was March in McKean County the water was very cold.

Officer Fuqua continued to advise [Appellant] to stop. [Appellant] did not stop. At one point [Appellant] went into [] Tuna Creek. Officer Fuqua, attempting to pursue [Appellant] and go around the vegetation along the creek, fell into the [water]. Sergeant Erickson viewed [Appellant] coming toward his location and also advised [Appellant] to stop. [Appellant] turned and went back towards Patrolman Fuqua. [W]hen he realized Patrolman Fuqua was behind him, [Appellant] turned back towards Sergeant Erickson. [Appellant] then stopped and was apprehended by [] Patrolman Fuqua. The officers had to take [Appellant] up a steep embankment, through vegetation and then a private yard, to get him to a public street and a patrol vehicle.

Trial Court Opinion, 3/26/2020, at 2-3.

A one-day jury trial commenced on January 27, 2020. The Commonwealth presented the testimony of both arresting officers and video footage from Officer Fuqua's police body camera. After hearing the evidence, the jury convicted Appellant of resisting arrest. On February 27, 2020, the trial court sentenced Appellant to 90 to 180 days of imprisonment with a

consecutive term of 18 months of probation. The trial court also credited Appellant 60 days for time-served. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

Whether the [trial court erred in accepting the jury's] verdict of guilt[] for [r]esisting [a]rrest, a misdemeanor of the second degree.

a. Specifically, whether the trial testimony and other evidence introduced by the Commonwealth at the time of trial was insufficient to establish that [] Appellant[] employed means justifying or requiring substantial force to overcome his resistance.

b. Additionally, whether the trial testimony and other evidence introduced by the Commonwealth at the time of trial was insufficient to establish that [] Appellant[] created a substantial risk of bodily injury to Sergeant Erickson and Officer Fuqua.

Appellant's Brief at 5.

Appellant contends that the Commonwealth failed to present sufficient evidence to support his conviction for resisting arrest because the facts of the case show he "merely fled from Patrolman Fuqua and Sergeant Erickson, which neither created a substantial risk of bodily injury to the arresting officers nor required substantial force to overcome his resistance." Id. at 14. Appellant claims his "flight was only an attempt to escape arrest and not an aggressive assertion of physical force against the officers in pursuit." Id. Moreover, Appellant assails the trial court's reliance on this Court's decision in

_____

[1] Appellant filed a notice of appeal on March 13, 2020. On March 16, 2020, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 26, 2020.

- 3 -

Commonwealth v. Lyons, 555 A.2d 920 (Pa. Super. 1989), another case dealing with the pursuit and arrest of a suspect in or near a creek, to conclude there was sufficient evidence that Appellant's flight posed a substantial risk of bodily injury to the officers. Id. at 17-19. More specifically, Appellant asserts:

> [T]he facts of this case are distinguishable from those in Lyons. Although [Appellant] and Patrolman Fuqua had both slipped into the edge of Tuna Creek during the foot chase, they were both only in the water momentarily and did not stray further than the bank. Most notably, no struggle[] ensued within the waters between [Appellant] and the officers, which was a significant factor in this Court's opinion from Lyons. Furthermore, according to the testimony of both Patrolman Fuqua and Sergeant Erickson, [Appellant] eventually stopped running from the officers, and Patrolman Fuqua tackled [Appellant] to the ground. Both officers testified that [Appellant] did not struggle when they made physical contact with him, and both Sergeant Erickson and Patrolman Fuqua testified that [Appellant] was cooperative after he was apprehended. [Appellant] exclaimed "I'm already down," and made no aggressive assertions of physical force against the officers which would have placed them in substantial risk of bodily injury.
>
> The record presented at trial only establishes that [Appellant's] actions when he ran from Patrolman Fuqua and Sergeant Erickson were "only attempts to escape and not an aggressive assertion of physical force" against the officers. Therefore, the Commonwealth failed to present sufficient evidence that [Appellant's] flight posed a substantial risk of bodily injury to support a conviction of [r]esisting [a]rrest under 18 Pa.C.S.[A.] § 5104.

Id. at 18-19. Moreover, Appellant argues that "[j]ust because Patrolman Fuqua chose to tackle [Appellant] to the ground, [after he was compliant and stopped running,] does not mean that force had to be used or was necessary to conduct the arrest." Id. at 23. As such, Appellant contends, "the

Commonwealth also failed to present sufficient evidence that [Appellant's] flight justified or required substantial force to overcome his resistance[.]" Id.

Initially, we note that in its Rule 1925(a) opinion, the trial court determined that Appellant waived his sufficiency of the evidence claim, but then conducted an alternative merits based analysis of the claim. As this Court has consistently held:

> If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] … the sufficiency issue is waived [on appeal].

Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation omitted). "Such specificity is of particular importance in cases where […] the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted). Here, the trial court stated:

> [Appellant] does identify the elements that he asserts are lacking: lack of substantial force and lack of substantial risk of bodily injury. However, he fails to provide any specifics regarding the facts in this case and how they are lacking. Therefore, the court has to guess what it is [Appellant] will assert. Therefore, the [Appellant's Rule 1925(b) c]oncise [s]tatement is so vague the issues raised in it should be considered waived.

Trial Court Opinion, 3/26/2020, at 1-2.

We disagree.  An appellant need only specify the element(s) of the crime(s) upon which the evidence was insufficient under Rule 1925(b).  There is no additional requirement that an appellant set forth the facts of the case to prove a lack of sufficiency.  Instead, once an appellant identifies the challenged crime(s) and specific element(s), the court then analyzes the element(s) of the specified crime(s) in relation to the facts presented at trial to determine sufficiency.  Furthermore, here, there was only one crime at issue, so it is abundantly clear which crime was the target of Appellant's challenge.  This is simply not a general, boilerplate sufficiency challenge involving multiple crimes with multiple elements.  As such, for all of the foregoing reasons, we reject the trial court's conclusion Appellant waived the issue, deem Appellant's sufficiency challenge properly preserved for our review, and proceed to examine the merits.

We adhere to the following standards:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder's.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be

considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Beatty, 227 A.3d 1277, 1283 (Pa. Super. 2020) (citation omitted).

The Crimes Code defines resisting arrest as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

This Court has previously determined:

The intent of [S]ection [5104] is to confine the offense to forcible resistance that involves some substantial danger to the person. As a general rule, therefore, it is not criminal merely to flee arrest. However, where the circumstances of the flight expose the pursuing officers to substantial danger a [finding of a violation of] resisting arrest is proper. A person resists arrest by conduct which creates a substantial risk of bodily injury to the arresting officer or by conduct which justifies or requires substantial force to overcome the resistance.

Commonwealth v. Miller, 475 A.2d 145, 146 (Pa. Super. 1984) (citations, quotations, and original emphasis omitted).

In Lyons, a prior panel of this Court determined:

When the local deputy sheriffs arrived to arrest [Lyons], he ran into the middle of Lycoming Creek and attempted to swim downstream with the current. The water level of the creek was waist deep and, because it was early spring, the water temperature was frigid. The creek had a slippery streambed and a swift current. Two of the deputy sheriffs went into the creek after [Lyons]. One officer, after three unsuccessful attempts, managed to get a grip of [Lyons] who was kicking and struggling to get away. When the other officer then managed to grab

[Lyons'] arm, [Lyons] went limp, pulled his feet underneath him, refused to walk, and became rigid. As a result, the two officers literally had to carry him to the bank, losing their balance a few times along the way. The two officers asked [Lyons] to walk, but he refused. When they were within four to five feet of the bank, the two officers who were waiting on the shore, jumped in and together the four officers carried [Lyons] up to the bank where [Lyons] was then handcuffed.

[Lyons] argue[d] that there was no evidence presented that he, at any time, assaulted or attempted to assault the officers or that he had a weapon. [Lyons] claim[ed] that he was simply fleeing from arrest and that no evidence was introduced which demonstrated that he created a substantial risk of bodily injury to the deputy sheriffs. [This Court determined his] arguable claim [was] inapposite.

[We noted that Section 5104] does not require serious bodily injury. Nor does it require actual injury to the arresting officer. Rather, sufficient resistance is established if the arrestee's actions created a substantial risk of bodily injury to the arresting officer. [Lyons'] struggle with the two deputies in the middle of a frigid stream with a rocky uneven bed was sufficient to meet that requirement.

Moreover, the statute includes the disjunctive phrase "or employs means justifying or requiring substantial force to overcome resistance." [Lyons'] actions unquestionably [fell] within the ambit of this portion of the statute. It took four deputy sheriffs to finally subdue [Lyons]. Substantial force was thus required to overcome [Lyons'] resistance to the arrest.

Commonwealth v. Lyons, 555 A.2d 920, 925 (Pa. Super. 1989) (internal citation and original emphasis omitted).

In a later decision, this Court clarified Lyons, noting that "under the rather extreme circumstances of that case, [Lyon's] flight [created] a substantial risk that, considering the omnipresent danger presented by a creek's uneven, slippery bottom and rapid current, one or more of the officers needed to capture [Lyons] could have incurred bodily injury as a result of

being led into the freezing waters." *In Interest of Woodford*, 616 A.2d 641, 644 (Pa. Super. 1992). In Woodford, a juvenile attempted to steal an off-duty police officer's personal vehicle. From an upstairs window, the officer witnessed the juvenile leaving the area where his parked car was located. The officer hurriedly dressed in regular clothing and attempted to arrest the juvenile himself, despite the presence of an on-duty police officer. The off-duty officer approached the juvenile at the juvenile's residence and a struggle ensued. This Court determined that there was insufficient evidence to adjudicate the juvenile delinquent of resisting arrest. Notably, in distinguishing Lyons, this Court opined, "[the off-duty officer] was not deliberately led into an inherently dangerous situation by [the juvenile], but rather, created a dangerous situation for himself when he chose to vent his personal anger by attacking [the juvenile] in the presence of a group of [the juvenile's] friends and relatives." Id. (emphasis added).

Taken together, Miller, Lyons, and Woodford reveal that mere flight—by itself—will not generally constitute resisting arrest under Section 5104. However, those decisions also hold that flight may constitute resisting arrest where a suspect's selected path of evasion includes inherently dangerous conditions that the suspect knows or should know pose a substantial risk of injury to the pursuing officer. As discussed below, these factors are clearly present in this case.

Here, the trial court determined:

There are some distinctions between the facts in Lyons and the facts in the current case. In Lyons[,] the defendant actually went into the river and the police had to go into the river and forcefully get him out of it. Here, [Appellant] fell into the river and then got out. Patrolman Fuqua went into the river - but not to get [Appellant] out of it. He fell into the river while pursuing [Appellant]. Nonetheless, the [overall] pattern of action here[, including Appellant's chosen path of flight, placed] Officer Fuqua and Sergeant Erickson at risk of injury.

[Appellant] fled for a substantial distance. His actions forced the officers to have to navigate the overgrown areas surrounding [] Tuna Creek. This caused Officer Fuqua to fall into the flowing and cold spring waters. Then[,] the officers had to get [Appellant] back through the overgrown and steep bank of the creek to a patrol vehicle. The jury found that [Appellant's] actions created a sufficient level of risk to the officers to support a conviction. [...C]onsider[ing] the evidence here in the light most favorable to the Commonwealth as the verdict winner[,] the jury's findings and verdict should stand.

Trial Court Opinion, 3/26/2020, at 4-5.

Based upon our standard of review, we agree that there was sufficient evidence to support Appellant's conviction for resisting arrest. Here, Appellant led police into an inherently dangerous situation that posed a substantial risk of injury to the pursuing officers. Appellant led a chase through backyards, down steep and uneven terrain, around downed trees and branches, and near a cold, rapidly flowing stream. Moreover, the record shows that both Appellant and the pursuing police officer lost their footing and fell into the creek. Such evidence directly demonstrated the inherently dangerous conditions of Appellant's chosen path of evasion and the evidence was not so weak and inconclusive that, as a matter of law, no probability of fact could be drawn from the proven circumstances. Moreover, no actual injury or physical

struggle with police was necessary. Finally, we note that the jury viewed the police body camera footage at trial. The jury was free to free to believe all, part or none of the evidence and we may not reweigh the evidence or substitute our judgment for the jury's decision. Accordingly, we conclude that the Commonwealth sufficiently established Appellant's actions created a substantial risk of bodily injury to the arresting officer.[2] Thus, we agree with the trial court's assessment that there was sufficient evidence to support Appellant's conviction for resisting arrest.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2020

_____

[2] "When a criminal statute criminalizes two separate actions or intents, the Commonwealth need only prove one." Commonwealth v. Gerulis, 616 A.2d 686, 693 (Pa. Super. 1992). Having determined there was sufficient evidence of substantial risk of bodily injury to police, we need not determine whether the police required substantial force to overcome Appellant's resistance. See Lyons, 555 A.2d at 925 (Section 5104 "includes the disjunctive phrase 'or employs means justifying or requiring substantial force to overcome resistance.'") (emphasis added).