J-A29018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
VENDELL NASIR :
:
Appellant : No. 18 WDA 2025

Appeal from the Judgment of Sentence Entered August 5, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004024-2023

BEFORE: OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: February 13, 2026**

Appellant, Vendell Nasir, appeals from the judgment of sentence entered on August 5, 2024, following his bench trial convictions for criminal mischief, attempted criminal trespass, and resisting arrest.[1] We affirm.

The trial court summarized the facts of this case as follows:

James Kulbacki lived at Apartment 1C at 515 Washington Avenue in Carnegie[, Pennsylvania]. On May 10, 2023, around 1:00 p.m., Kulbacki was inside his apartment when he heard two (2) loud bangs. He yelled at the [adjoining] neighbor [next door] to quiet down. A few seconds later, Kulbacki heard more loud noises. He

---

[1] 18 Pa.C.S.A. §§ 3304(a)(2) (criminal mischief), 901 (criminal attempt), 3503(a)(1)(i) (criminal trespass), and 5104 (resisting arrest), respectively. The trial court found Appellant not guilty of two counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(6). Prior to trial, the trial court dismissed one count of attempted burglary, 18 Pa.C.S.A. §§ 901/3502(a)(1)(ii). Appellant has never challenged his conviction for criminal mischief, we will not consider it during our appellate review, and, therefore, we summarily affirm judgment of sentence for that crime. **See** Pa.R.A.P. 1925(a)(4)(vii) (issues not included in a court-ordered 1925(b) statement are waived).

followed the sound into his bathroom, at which time he saw a large hole in his wall and damage to his bathroom sink. Through the hole, Kulbacki observed Appellant in the adjoining apartment. Appellant was looking directly at Kulbacki and holding a sledgehammer. Kulbacki confronted Appellant, who simply apologized. Kulbacki reported the incident to his landlord and minutes later police arrived. Kulbacki stated that initially Appellant would not leave the apartment, however at some point he came outside [responding to] law enforcement. Appellant ignored multiple orders to remain in place by taking steps towards the responding officers. Kulbacki [testified] Appellant was subsequently tasered and a small steak knife fell from his pocket as he went to the ground.

Carnegie Borough Police Officer Matthew Rieder was the first officer to respond to the call. Officer Rieder spoke to the landlord who informed him that the involved parties [were in A]partments 1B and 1C. Officer Rieder made contact with Kulbacki, who allowed him entry into his apartment. Consistent with Kulbacki's testimony, Officer Rieder described damage to the bathroom vanity and a large hole in the wall adjoining the next apartment. Officer Rieder [] proceeded to the other apartment and knocked on the door. Appellant, who was known to Officer Rieder, peered out the window of the door, but did not open it. Officer Rieder also knows Appellant to arm himself with a knife. Based on the situation, he called for assistance and waited outside. While additional [police] units were *en route*, Appellant exited the apartment[.] Officer Rieder spoke to Appellant at a distance as he observed what appeared to be the handle of a knife coming from the right pocket of Appellant's shorts. Appellant began advancing towards Officer Rieder. [Officer Rieder] issued multiple orders for Appellant to stop. Appellant continued to advance multiple times so Officer Rieder displayed his taser. Appellant [initially] stopped at the sight of the taser. At this same time, Heidelberg Borough Police Chief Dennis Dixon arrived on scene. Officer Rieder advised Chief Dixon that Appellant had a knife in his pocket. Immediately thereafter, Appellant charged at the officers and Officer Rieder deployed his taser and was able to detain Appellant. This was all captured on Officer Rieder's body worn camera and played at trial.

During a search incident to arrest, a black handled knife was recovered from Appellant's pocket and a second knife was discovered after Appellant was placed in an ambulance.

No testimony was offered by Appellant.

Trial Court Opinion, 4/1/2025, at 4-6 (footnote and citations to record omitted).

The trial court found Appellant guilty of the aforementioned charges at the conclusion of a bench trial held on July 29, 2024. On August 5, 2024, the trial court ordered Appellant to serve 11½ to 23 months of incarceration for attempted criminal trespass, with immediate parole,[2] followed by two years of probation. Appellant also received two years of probation for resisting arrest and 90 days of probation for criminal mischief. The trial court directed that Appellant's probationary sentences be served concurrent with each other and that they shall commence immediately upon his release from prison. Appellant filed a counseled post-sentence motion on August 15, 2024. The trial court denied relief by order entered on December 6, 2024. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues[4] for our review:

---

[2] Appellant was immediately paroled because he received 451 days of credit for time-served.

[3] Appellant filed a notice of appeal on January 3, 2025. On January 10, 2025, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 31, 2025. On April 1, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[4] Before the trial court, in his Rule 1925(b) statement, Appellant also challenged the grading of his conviction for criminal mischief and the weight of the evidence to support his conviction for resisting arrest. The trial court
*(Footnote Continued Next Page)*

I.  Whether the evidence was insufficient to convict [Appellant] of criminal attempt - criminal trespass where the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] had the specific intent to commit the crime of criminal trespass?

II.  Whether the evidence was insufficient to convict [Appellant] of resisting arrest where the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] created a substantial risk of bodily injury or employed means justifying substantial force to overcome the resistance?

Appellant's Brief at 7 (unnecessary capitalization omitted).

Both of Appellant's appellate issues challenge the sufficiency of the evidence to support his convictions. This Court has stated:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record

_____

addressed those issues in its Rule 1925(a) opinion. On appeal, however, Appellant neither presents nor develops these issues for our review. Thus, Appellant has abandoned those claims, and we find them waived. **See Commonwealth v. Felder**, 247 A.3d 14, 20 (Pa. Super. 2021) ("An issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived. Issues not presented in the appellant's Statement of Questions Involved portion of a brief will not be considered. Pa.R.A.P. 2116(a). Also, an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.").

must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Travinski***, 346 A.3d 787, 791 (Pa. Super. 2025) (citations and brackets omitted).

In his first issue presented, Appellant argues that there was insufficient evidence to support his conviction for attempted criminal trespass because the Commonwealth "failed to prove that [Appellant] had the intent to commit the specific crime of criminal trespass[.]" Appellant's Brief at 17. Appellant reasons that the Commonwealth's evidence was insufficient where the trial court merely found Appellant had repeatedly struck the wall, there was a sizeable hole, and he used a sledgehammer. ***Id.*** Appellant claims that "[t]here is no evidence of record about why [Appellant] damaged [] Kulbacki's wall with a sledgehammer." ***Id.*** at 19. While Appellant concedes he "did make a hole in the wall[,]" he claims there was no evidence that he attempted to conceal his efforts or that he waited until he believed Kulbacki was not present to gain entry. ***Id.*** at 19-20. Appellant points to Kulbacki's testimony that Appellant apologized for damaging the wall, indicating "the damage was an accident rather than an intent to commit the trespass." ***Id.*** at 20. Appellant suggests that he had "no incentive in gaining access to [] Kulbacki's apartment" because there was no evidence presented that Kulbacki "had valuables" or that Appellant "wanted anything" from him. ***Id.*** at 21.

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the

commission of that crime." 18 Pa.C.S.A. § 901(a). "The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime." *Commonwealth v. McRae*, 346 A.3d 347, at *5 (Pa. Super. 2025) (non-precedential memorandum), *citing Commonwealth v. Gilliam*, 417 A.2d 1203, 1205 (Pa. Super. 1980). Pursuant 18 Pa.C.S.A. § 3503(a)(1)(ii), "[a] person commits" criminal trespass "if, knowing that he is not licensed or privileged to do so, he [] breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa.C.S.A. § 3503(a)(1)(ii). The statute further defines the term "breaks into" as "[t]o gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." 18 Pa.C.S.A. § 3503(a)(3). "[I]n order to satisfy the entry requirement of Section 3503(a), the evidence must demonstrate that an instrument or tool used by a defendant, or any portion thereof, protruded entirely through the outer boundary of the building or occupied structure and into the interior of the premises." *Commonwealth v. Furness*, 153 A.3d 397, 402 (Pa. Super. 2016). Accordingly, in order to sustain a conviction for criminal attempt to commit criminal trespass, the Commonwealth needed to show only that Appellant took a substantial step to break into, or gain entry by force or breaking through, the outer boundary of an occupied structure of another for which Appellant had no license or privilege to enter. Here, the trial court determined that there was sufficient evidence

to support Appellant's conviction because he intended "to make entry into Kulbacki's apartment based [up]on the repeated strikes, the size of the hole, and the use of a sledgehammer to break through the wall." Trial Court Opinion, 4/1/2025, at 8.

Based upon our review of applicable law and viewing the evidence in the light most favorable to the Commonwealth as required, most notably this Court's review of the police body camera footage as presented at trial, we discern no abuse of discretion or error of law regarding Appellant's first issue presented. Here, Appellant used a tool that clearly protruded the shared wall of the adjoining neighbor's apartment and created a hole that was large enough to see through. As required, the trial court concentrated on the acts Appellant had already done and, therefore, was not required to consider a potential motive, whether Appellant tried to conceal his efforts or waited until he believed Kulbacki was not present to gain entry, and/or Appellant's subsequent apology. Here, the Commonwealth proved that Appellant, without authorization, took a substantial step to break into, or gain entry by force or breaking through, the outer boundary of the occupied structure of another and into the interior of that premises with the use of a protruding tool. As such, Appellant's first issue lacks merit.

Next, Appellant argues that the Commonwealth failed to present sufficient evidence to support his conviction for resisting arrest. Appellant argues that the evidence showed that he did "not expose Officer Rieder to a substantial risk of bodily harm." Appellant's Brief at 26. While conceding that

he had a visible knife protruding from his pocket, Appellant claims that he never brandished it, reached toward his pocket, or otherwise threatened the officers with violence. *Id.* at 26-27. He further claims that the police body camera footage "shows that [Appellant] does not run at Officer Rieder, rather he attempts to run between Officer Rieder and Chief Dixon[.]" *Id.* Instead, Appellant suggests that he was attempting to flee and mere flight to escape does not constitute resisting arrest. *Id.* Finally, Appellant suggests that "[t]he fact that Officer Rieder administered his taser [] is not a sufficient basis for demonstrating that [he] resisted arrest" because "the Commonwealth must establish whether [Appellant's] actions justified the use of force employed by Officer Rieder." *Id.* at 28.

The Crimes Code provides:

### § 5104. Resisting arrest or other law enforcement

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

This Court has recently stated:

This offense requires proof that a public servant was affecting a lawful arrest or discharging a legal duty other than an arrest,[5] which the defendant intended to prevent. The Commonwealth

---

[5] In this case, Appellant does not dispute that Officer Rieder was affecting a lawful arrest or discharging a legal duty. As such, we need to examine this aspect of resisting arrest.

- 8 -

does not need to establish actual injury. Rather, to support a conviction for resisting arrest, the Commonwealth may prove either that the defendant's actions created a substantial risk of serious bodily injury or that the defendant employed means justifying or requiring substantial force to overcome the resistance.

***Commonwealth v. Bettis***, 347 A.3d 779, 788 (Pa. Super. 2025) (internal citations omitted); ***see also In Int. of Woodford***, 616 A.2d 641, 644 (Pa. Super. 1992) ("Merely exposing another to the risk of [serious bodily] injury is sufficient to sustain a conviction under Section 5104[; h]owever, it is equally well-established that a suspect's mere flight to escape arrest does not violate [Section] 5104."); ***see also Commonwealth v. Clark***, 761 A.2d 190, 193-194 (Pa. Super. 2000) (noting where Clark took an aggressive stance, ran down the road, and the officer had to pepper spray him before he could arrest him was sufficient evidence for resisting arrest).

Here, the trial court determined:

[T]he record supports that Appellant created a substantial risk of bodily injury to Officer Rieder. At the time Officer Rieder deployed his taser, the Commonwealth's evidence demonstrated the following: (1) Appellant broke through an adjoining wall of an apartment using a sledgehammer; (2) Appellant refused to answer the door at the start of Officer Rieder's investigation; (3) minutes later Appellant approached Officer Rieder while he waited outside the apartment building for backup; (4) Appellant appeared to be in an agitated state; (5) Officer Rieder observed a knife extending from Appellant's shorts['] pocket; (6) Officer Rieder knew Appellant to carry a knife based upon previous encounters; (7) Officer Rieder attempted to keep a safe distance between them by ordering Appellant to remain in place; (8) Appellant defied these commands and continued to advance towards Officer Rieder; (9) Officer Rieder brandished his taser while commanding Appellant to stop; and (10) Appellant briefly stopped and then continued his approach towards Officer Rieder. Collectively, Appellant's actions created a substantial risk of bodily injury to

- 9 -

detain Appellant. Thus, the Commonwealth's evidence sufficiently established beyond a reasonable doubt the charge of resisting arrest.

Trial Court Opinion, 4/1/2025, at 10-11.

We agree with the trial court's assessment and discern no abuse of discretion or error of law in ruling on Appellant's sufficiency argument pertaining to resisting arrest. Although there was no actual injury to the officers at issue, Appellant's actions exposed them to the risk of serious bodily injury. Upon our review, the police body camera footage shows Appellant continually moving toward Officer Rieder, despite multiple, clear warnings to stop. The handle of a knife is visibly seen protruding from Appellant's pocket which Appellant does not dispute. Moreover, Officer Rieder can be heard exclaiming to Chief Dixon that Appellant has a knife. Thereafter, Appellant took several quick steps toward the officers before stumbling at the same time that Officer Rieder simultaneously deployed his taser. On appeal, Appellant even admits that he was running toward the officers, not away. As such, the record belies his suggestion that he was merely attempting to flee. For all of the foregoing reasons, we reject Appellant's contention that there was insufficient evidence to support his conviction for resisting arrest and, therefore, his second appellate issue as presented fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 2/13/2026